UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY C. ENGEL,

                        NO. CIV. S-09-3177 LKK/KJM

      Plaintiff,

  v.

                              O R D E R

BLAINE A. LOUSTAUNAU,

      Defendant .
                            /

     On November 16, 2009, plaintiff, Mary C. Engel ("Ms. Engel"), filed a complaint against her brother, defendant Blaine A. Loustanaunau ("Mr. Loustanaunau"), in federal court. Plaintiff brings claims of intentional infliction of emotional distress, assault, slander per se, and invasion of privacy against defendant. Plaintiff asserts that federal jurisdiction is proper because parties are diverse. All claims appear to arise out of the settlement of Ms. Engel's and Mr. Loustanaunau's father's estate.

     On January 10, 2010, plaintiff field a motion to create a lien and for right to attach assets of defendant on January 10, 2010.

1

With his opposition, defendant also moved to disqualify plaintiff's counsel. Plaintiff is represented by her husband, Julius M. Engel ("Mr. Engel"), who defendant claims previously represented him. Plaintiff argues Mr. Engel never represented defendant. These arguments rely on contested questions of fact for which defendant, the party moving to disqualify, bears the burden of proof.

Motions to disqualify are decided under state law. See In re County of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000); L.R. 180(e) ("[T]he Rules of Professional Conduct of the State Bar of California . . . are hereby adopted as standards of professional conduct in this Court."). Whether an attorney should be disqualified is within the discretion of the trial court. Henriksen v. Great Am. Savings & Loan, 11 Cal. App. 4th 109, 113 (1992). Here, defendant argues that Mr. Engel should be disqualified due to successive representation. Successive representation alone does not disqualify an attorney from representation. Specifically, an attorney may successively represent clients with adverse interests. Flatt v. Superior Court, 9 Cal. 4th 275, 283 (1994). Under those circumstances, the chief fiduciary value at jeopardy is that of confidentiality. Accordingly, the legally relevant question is whether there is a substantial relationship between the former and subsequent representations; if so, access to confidential information by the attorney in the course of the first representation is presumed and disqualification in the second representation is required. Id. at 283. If Mr. Engel is disqualified as counsel, the court cannot hear plaintiff's motion.

2

1  Accordingly, the court orders that an evidentiary hearing shall be
2  held as to the relationship between Mr. Engel's representation of
3  Ms. Engel and Mr. Engel's representation of Mr. Loustanaunau.
4  Additionally, Defendant opposes plaintiff's motion for, among
5  other reasons, the lack of subject matter jurisdiction.
6  Specifically, plaintiff claims that parties are diverse in that Ms.
7  Engel is a citizen of California and Mr. Loustanaunau is a citizen
8  of Colorado. Defendant, however, argues that he is also a citizen
9  of California, and thereby parties lack diversity. Both plaintiff's
10 and defendant's arguments turn on questions of fact.
11 Plaintiff, the party asserting diversity jurisdiction, bears
12 the burden of proving diversity. Lew v. Moss, 797 F.2d 747, 749
13 (9th Cir. 1986) (internal citation omitted). Plaintiff must
14 therefore prove by the preponderance of the evidence that diversity
15 jurisdiction is proper. Sanchez v. Monumental Life Ins. Co., 102
16 F.3d 398, 403 (9th Cir. 1996) (quoting McNutt v. General Motors
17 Acceptance Corp., 298 U.S. 178, 189 (1936). To do so, plaintiff
18 must prove that it is more likely than not that defendant is
19 "domiciled" in a state other than California. Lew, 797 F.2d at 749.
20 A person's domicile is the "location where he or she has
21 established a fixed habitation or abode in a particular place, and
22 [intends] to remain there permanently or indefinitely." Id. at 750
23 (internal quotation omitted). "[T]he existence of domicile for
24 purposes of diversity is determined as of the time the lawsuit is
25 filed." Id. (internal quotation omitted). The Ninth Circuit has
26 reasoned that "domicile is evaluated in terms of objective facts

and . . . statements of intent are entitled to little weight when in conflict with facts. Id. (internal citations omitted). These objective facts are determined by numerous factors, including, but not limited to, "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions or other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Id. (internal citations omitted). Accordingly, the court shall hold an evidentiary hearing to determine the state in which defendant is domiciled.

The propriety of subject matter jurisdiction and disqualification of plaintiff's counsel must be decided before the court can even consider the merits of plaintiff's motion for a lien and to attach assets. For this reason, the court continues the hearing on plaintiff's motion for a lien and to attach assets. Instead, the court will hold an evidentiary hearing first on whether Mr. Engel should be disqualified as counsel and second on whether Mr. Loustaunau is domiciled in California or in another state.

An evidentiary hearing is set for February 8, 2010, at 9:30 a.m. The disqualification question shall be heard at 9:30 a.m. Defendant is given one hour and thirty minutes to present evidence supporting disqualification. Plaintiff will have one hour and thirty minutes to present evidence in opposition of disqualification. Likewise, the domicile question shall be heard

4

1 at 1:30 p.m. Plaintiff is given one hour and thirty minutes to
2 present evidence that defendant is domiciled out-of-state.
3 Defendant, in turn, is given one hour and thirty minutes to present
4 evidence that defendant is domiciled in California. Parties are
5 cautioned that under no circumstances will this hearing last more
6 than one day. Parties are further ordered to file exhibit lists and
7 witness lists by 4:00 p.m. on Thursday, February 4, 2010. Under no
8 circumstances will evidence not contained on these lists be heard
9 by the court.
10     IT IS SO ORDERED.
11     DATED: January 29, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5